## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

TRENIDY EGAR LEE,

      Plaintiff,

v.                                                           Case No.  5:18-cv-269-TKW/MJF

 ZACH NEITSCH and JOHN TATE,

      Defendants.

_____/

## ORDER

This matter is before this court on Plaintiff's failure to respond to the undersigned's order of August 19, 2019. The undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I.    Background

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and alleges that Defendant Zach Neitsch, a Holmes County Deputy Sheriff, filed a "knowingly fraudulent" criminal complaint against Plaintiff. Pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, the undersigned reviewed Plaintiff's complaint and found that it was

---

[1] The case was referred to the undersigned to address preliminary issues and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

deficient in several respects. (Doc. 8). On June 13, 2019, the undersigned issued an order directing Plaintiff to amend his complaint to correct the deficiencies or to file a voluntary dismissal. (*Id.*). The undersigned imposed a thirty-day deadline to comply and warned Plaintiff that his failure to comply would "likely result in dismissal of this action for: (a) failure to comply with an order of this court; (b) failure to prosecute; and (c) failure to state a claim on which relief may be granted." (*Id.* at 15). On July 9, 2019, the order was returned "undeliverable." (Doc. 9). Plaintiff failed to comply with the undersigned's order.

On July 30, 2019, the undersigned issued an order directing Plaintiff to explain why he failed to comply with the undersigned's previous order. (Doc. 12). The undersigned provided Plaintiff thirty days to comply and warned Plaintiff that his failure to comply likely would result in "dismissal of this action for (1) failure to comply with a court order and (2) failure to prosecute." (Doc. 12 at 2). On August 7, 2019, this order also was returned "undeliverable." (Doc. 13).[2] The time to comply with the undersigned's order to show cause has elapsed, and Plaintiff has not amended his complaint or explained his failure to comply with the undersigned's order.

---

[2] The docket reflects that the clerk of the court sent this court's orders to the Holmes County Jail—Plaintiff's address of record—but the Jail returned it to the postal service marked, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Doc. 11, *see* Doc. 13).

## II.    Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Federal courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long

held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

(1)    **The duration of Plaintiff's failure to comply.** On June 13, 2019, the undersigned issued an order directing Plaintiff to either amend his complaint or file a notice of voluntary dismissal. (Doc. 8). The undersigned provided Plaintiff thirty days to comply. (Doc. 9). Plaintiff failed to comply with that order. On July 30, 2019, the undersigned issued an order directing Plaintiff to explain why he failed to comply with an order of this court. The undersigned imposed a thirty-day deadline. (Doc. 12). Plaintiff did not comply with this order as well. Thus, Plaintiff has failed to comply with a court order since July 2019.

(2)    **Plaintiff's failure to comply with two court orders.** Plaintiff has failed to comply with the following orders:

        a.    the order dated June 13, 2019; and

        b.    the order dated July 30, 2019.

(3)    **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy,

dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff did not respond to these orders.

**(4)    Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5)    The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded notice and an opportunity to be heard. He has elected not to prosecute this action. The court's need to dispose of cases that are not being prosecuted outweighs other interests.

**(6)    The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to comply with the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address). The relevant orders were designed to facilitate the disposition of this case on its merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition.

(7)    **The fact that any lesser sanction would be inefficacious.** Upon filing a *pro se* complaint, Plaintiff received a packet from the clerk of the court informing Plaintiff that he was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. Plaintiff failed to provide the clerk of the court with an updated mailing address. This likely resulted in a failure to receive this court's orders. Thus, Plaintiff's failure to comply with the respective orders was "'entirely' his own fault." *Gilbert*, 725 F. App'x at 792. Plaintiff also likely lacks the funds to pay a fine. Accordingly, dismissal without prejudice is the appropriate sanction and any lesser sanction likely would be inefficacious.

## III.    Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** without prejudice for failure to comply with two court orders and for failure to prosecute.

2.    The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this <u>10th</u> day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.